1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **MAGDALENA DIMITROVA**, | **NO. 2:25-cv-956** |
| Plaintiff, | |
| vs. | |
| **DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, d/b/a, LUFTHANSA GERMAN AIRLINES; DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, INC., d/b/a LUFTHANSA GERMAN AIRLINES; and DOES 1-50, inclusive,** | **COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**<br><br>**JURY DEMAND** |
| Defendants. | |

## I. INTRODUCTION

1.1    On May 31, 2023, Plaintiff Magdalena Dimitrova was a passenger traveling alone on Lufthansa Flight 490, an international flight from Frankfurt, Germany to Seattle, USA.

1.2    Dimitrova was seated towards the rear of the plane close to the crew area.

1.3    Throughout the flight the crew was periodically rummaging through the overhead compartment above Dimitrova.

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**
**(CAUSE NO. 2:25-cv-956)**

KODE LAW
10900 NE 4th St., Ste. 2300
Bellevue, WA 98004
Phone: 206-531-2735

1.4     Approximately one to two hours before landing, Dimitrova was seated facing forward with her tray table open when a male flight attendant who was searching for something in the overhead area caused a monitor of some sort to fall directly onto her head.

1.5     According to the person sitting two seats down in the window seat, it was a large monitor a few feet long.

1.6     Dimitrova is believed to be traveling on an Airbus A340, as such the distance from her head to the overhead compartment was several feet; therefore, the force was very high.

1.7     The force caused Dimitrova to violently fold forward and strike her face on the tray table in front of her.

1.8     According to witnesses, she lost consciousness for 2-3 minutes.

1.9     When Dimitrova regained consciousness, she experienced immediate, severe symptoms, including difficulty breathing, nausea, tongue swelling, poor vision, loss of sensation in the left side of her head, and inability to move for 5-10 minutes.

1.10    No announcement was made asking for a doctor on the flight, and one was certainly not present to examine her.

1.11    The only treatment provided by Lufthansa was ice from the flight crew.

1.12    Dimitrova took some ibuprofen that she had with her, and she was forced to endure the pain for the remainder of the flight.

1.13    Nobody from Lufthansa checked on her again, but thankfully, a fellow passenger sitting to her right (window seat) assisted in monitoring her condition for the remaining flight.

1.14    Upon landing in Seattle, there was no medical personnel waiting for her at the airport.

1.15    For that reason, as soon as she saw her husband she broke out in tears and asked her husband to take her to the hospital.



10900 NE 4th St., Ste. 2300
Bellevue, WA 98004
Phone: 206-531-2735

1.16    Dimitrova was transported to Swedish Edmonds Emergency Center arriving at about 3:45 PM.  Her initial vital signs showed elevated blood pressure, and she presented with head pain, dizziness, and nausea with one episode of vomiting.

1.17    Despite continuously treating for two years, having had imaging studies, specialist consultations, injections, physical therapy, chiropractic treatment, and various medications, she continues to experience significant daily symptoms including neck pain, weekly headaches, right low back and hip pain, vision problems, dizziness, tinnitus, difficulty concentrating, and balance problems.

1.18    Defendant is liable for causing Dimitrova's injuries.

## II. PARTIES

2.1    Dimitrova, an individual, over the age of eighteen years, was at all relevant times, is a citizen of the United States of America, and a resident of the State of Washington in the County of Snohomish.

2.2    Defendant Deutsche Lufthansa Aktiengesellschaft, dba, Lufthansa German Airlines is a commercial airline/air carrier/common carrier incorporated and headquartered in Germany, and Deutsche Lufthansa Aktiengesellschaft, Inc., dba, Lufthansa German Airlines is a commercial airline/air carrier/common carrier incorporated in New York and registered to do business in the State of Washington, Washington Secretary of State UBI Number 602910951, with its registered agent for service of process being CT Corporation System, 711 Capitol Way South, Suite 204, Olympia, Washington, United States, and its principal office address being 1640 Hempstead Tpke, East Meadow, NY 11554, United States (collectively "Lufthansa").

2.3    Lufthansa has a permanent presence, place of business, and ticketing office at Seattle-Tacoma International Airport (SEA) in SeaTac, Washington, United States, and operates Flight 490 as a non-stop flight from Frankfurt Airport (FRA) in Frankfurt, Germany to Seattle-Tacoma Airport in SeaTac, United States.

**COMPLAINT AND
DEMAND FOR JURY TRIAL
(CAUSE NO. 2:25-cv-956)**

KODE LAW

10900 NE 4th St., Ste. 2300
Bellevue, WA 98004
Phone: 206-531-2735

2.4    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1-50, inclusive, and each of them, are unknown to Dimitrova who thereby sues these Defendants by such fictitious names, and will ask leave of this Court to amend this Complaint when the true names are ascertained. Dimitrova is informed and believes and on that basis alleges that each Defendant named herein as a Doe is responsible in some manner for the events and happenings referred to herein which proximately caused injury to Dimitrova as hereinafter alleged.

2.5    Dimitrova is informed and believes and on that basis alleges that at all times mentioned herein, the Defendants, and each of them, were the parent companies, subsidiaries, agents, servants, employees, and joint venturers of each other and were as such acting within the course, scope, and authority of said agency, employment, and/or joint venture, and that each and every Defendant, when acting as a principal, was negligent and reckless in the selection, hiring, training, entrustment, and supervision of each and every other Defendant as an agent, servant, employee, or joint venturer.

2.6    Dimitrova is informed and believes that the Defendants named in this complaint (including those designated by fictitious name) are liable to Dimitrova for the injuries and damages alleged in this complaint by virtue of said Defendants' negligent acts or omissions, strict liability, vicarious liability, imputed liability, successor liability, breach of contract or warranty, misrepresentations, and/or other legal fault.

2.7    Defendant Lufthansa was engaged in intrastate and interstate business in Washington State, including transporting passengers and cargo by air as a common carrier for reward.

### III. JURISDICTION AND VENUE

3.1    This Court has original and supplemental jurisdiction over the claims in this action pursuant to 28 United States Code ("U.S.C.") §§ 1331 and 1367, respectively. This matter arises under the laws, regulations, and treaties of the United States including, but not limited to, the Convention for the Unification of Certain Rules

**COMPLAINT AND
DEMAND FOR JURY TRIAL
(CAUSE NO. 2:25-cv-956)**



KODE LAW

10900 NE 4th St., Ste. 2300
Bellevue, WA 98004
Phone: 206-531-2735

Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in note following* 49 U.S.C. § 40105 (the "Warsaw Convention"); 14 Code of Federal Regulations ("C.F.R.") § 203 et. seq. (the "Waiver of Warsaw Convention Liability Limits and Defenses"); Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 ("Montreal Convention"), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000); the International Air Transport Association's ("IATA") Inter-Carrier Agreement on Passenger Liability ("IIA") and the Agreement on Measures to Implement the International Air Transport Association Inter-carrier Agreement ("MIA") and related tariffs. Finally, the amount in controversy in this action exceeds $10,000, exclusive of interest and costs, as required by 28 U.S.C. § 1337(a).

   3.2  Alternatively, this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332 since the matter in controversy exceeds the sum or value of $75,000, and is between Dimitrova, a citizen of the state of Washington, and Defendants Lufthansa and Does 1-50, believed and therefore alleged to be citizens of New York and/or Germany.

   3.3  Lufthansa purposefully avails itself of the privileges of conducting business and activities in Washington and intentionally cultivates a market in Washington that contributes substantially to its revenues, including by advertising in Washington and directing advertising to Washington residents regarding its nonstop flights to Frankfurt, Germany from AUS, SEA, and selling tickets to Washington residents on such flights.

   3.4  Lufthansa has sufficient minimum contacts with Washington such that the maintenance of this case in Washington does not offend traditional notions of fair play and substantial justice.

   3.5  Pursuant to Article 33 of the Montreal Convention, this action for damages is brought before the Court at the place of Plaintiff's destination.

**COMPLAINT AND
DEMAND FOR JURY TRIAL
(CAUSE NO. 2:25-cv-956)**

KODE LAW

10900 NE 4th St., Ste. 2300
Bellevue, WA 98004
Phone: 206-531-2735

1    3.6    Venue in the Western District of Washington is proper pursuant to 28

2   U.S.C. § 1391(b) and (c).

3                          **IV. FACTUAL ALLEGATIONS**

4    4.1    Dimitrova purchased her ticket for international travel from Defendant

5   Lufthansa with her return trip from Sofia International Airport in Sofia, Bulgaria to

6   Frankfurt International Airport in Frankfurt, Germany for a layover, then on from there

7   to Seattle-Tacoma International Airport in SeaTac, United States. The tickets were

8   purchased online from Dimitrova's home in Mountlake Terrace, Washington.

9    4.2    On May 31, 2025, after visiting her sick mother, Dimitrova departed from

10  Sofia International Airport, traveling alone.

11   4.3    Defendant Lufthansa operated a commercial aircraft that was designated

12  as Lufthansa Flight 490 to fly from Frankfurt, Germany to SeaTac, Washington ("subject

13  flight"), which was the second leg of the undivided international carriage provided by

14  Defendant Lufthansa with the first leg from Sofia, Bulgaria to Frankfurt, Germany,

15  designated as Lufthansa flight 1429.

16   4.4    Plaintiff was initially assigned seat 45E but was moved to seat 45D, the

17  aisle seat.

18   4.5    The flight was approximately one hour from landing in Seattle, and

19  Dimitrova was facing forward with her tray table open, and awake and alert.

20   4.6    A male flight attendant was searching for something in the overhead

21  luggage area, and this caused a monitor that was a few feet long to fall from overhead.

22   4.7    The monitor struck Dimitrova directly on her head, then she fell forward

23  and struck her face on the tray table.

24   4.8    Fellow passengers asked Dimitrova is she was okay and if she was

25  bleeding, and the flight crew provided her with ice, and she took ibuprofen.

26   4.9    A passenger named "Anthony", who was sitting in the same aisle in the

27  window seat saw the whole thing.  He is a lawyer from Kenya.  He monitored her for

the remainder of the flight, and no other medical assistance was given during the flight.

KODE LAW
10900 NE 4th St., Ste. 2300
Bellevue, WA 98004
Phone: 206-531-2735

4.10    That same day, Dimitrova was seen at Swedish Edmonds Emergency Center with head pain, dizziness, and nausea.

4.11    Dimitrova has since experienced significant symptoms from her injury including neurological with post-concussion syndrome, visual and sensory, and musculoskeletal pain necessitating extensive treatment over nearly two years, including physical therapy, chiropractic care, cervical intramuscular stimulation, and cervical facet injections.

4.12    As a result of the harmful and wrongful conduct and breaches by the Defendants, and each of them, Dimitrova suffered and continues to suffer severe pain, suffering, inconvenience, mental suffering, emotional distress, disfigurement, anxiety, stress, and fear over the hours after the monitor falling and striking her head as a result of Defendants' misconduct. She continued to suffer these traumas and damages while receiving treatment in the years that followed, and her injuries have not resolved.

## V. DEFENDANTS' LIABILITY

5.1    Dimitrova incorporates by this reference all the previous paragraphs of this complaint.

5.2    Dimitrova is informed and believes that Defendant Lufthansa, and Doe's 1 through 50 negligently and carelessly failed to properly train, monitor, test, and supervise their agents or employees.

5.3    Dimitrova is informed and believes that Defendant Lufthansa and Doe's 1 through 50 had actual and constructive notice of the danger posed to passengers resulting from accidents of the type that injured Dimitrova but failed to take appropriate action to prevent such an accident.

5.4    Dimitrova is informed and believes that at all times material hereto, Lufthansa Airlines Flight 490 was operated as a common carrier engaged in the business of transporting fare-paying passengers.  As a common carrier, Defendants

COMPLAINT AND
DEMAND FOR JURY TRIAL
(CAUSE NO. 2:25-cv-956)

7 of 10

KODE LAW
10900 NE 4th St., Ste. 2300
Bellevue, WA 98004
Phone: 206-531-2735

1  Lufthansa and its agents, servants and employees owed the highest duty of care to its
2  passengers, including Dimitrova, a passenger on Flight 490.

3      5.5    Dimitrova is informed and believes that Lufthansa and their agents,
4  servants and employees, acting within the scope of their agency, service and/or
5  employment recklessly, willfully, negligently, tortiously and/or carelessly failed to
6  protect the safety of its passenger from injury.

7      5.6    Dimitrova is informed and believes that Defendants Lufthansa knowingly,
8  recklessly, willfully, negligently, tortiously and/or carelessly failed to adequately train
9  and/or supervise its agents, servants, and employees in the proper overhead
10 compartment and/or TV service safety protocol and/or general safety protocol and
11 violated their own rules, guidelines and policies.

12     5.7    Dimitrova is informed and believes that Defendants Lufthansa knew or
13 should have known their acts and omissions created a foreseeable risk of grave,
14 permanent and/or debilitating injuries for passengers, including Dimitrova.

15     5.8    Dimitrova is informed and believes that Defendants Lufthansa's acts and
16 omissions and its overall failure to follow industry, national, and/or international
17 standards, principles, procedures and/or practices with regard to safety, constitute
18 willful misconduct and/or, reckless, knowing, negligent, tortious and/or careless
19 conduct with knowledge that injuries or damages would probably result.
20

21     5.9    Dimitrova is informed and believes that Defendants Lufthansa were
22 negligent because they failed to properly secure the overhead compartment and
23 equipment such as the Monitor and failed to provide access to medical care once the
24 monitor struck Dimitrova on her head.

25     5.10   Dimitrova is informed and believes that Defendants Lufthansa and Doe's
26 1 through 50 failed to render proper aid and assistance to Dimitrova during and in the
27 aftermath of the accident.

**COMPLAINT AND
DEMAND FOR JURY TRIAL
(CAUSE NO. 2:25-cv-956)**

KODE LAW

10900 NE 4th St., Ste. 2300
Bellevue, WA 98004
Phone: 206-531-2735

5.11    Dimitrova's injuries were caused by an external event that was unusual or unexpected, which took place onboard the aircraft.

5.12    The incident that injured Dimitrova qualifies as an accident under Article 17 of the Montreal Convention.

5.13    Dimitrova was not negligent and did not cause or contribute to her own injuries

5.14    Dimitrova did not engage in a wrongful act or omission that caused or contributed to her injuries

5.15    Dimitrova is informed and believes that Defendants Lufthansa had exclusive control of the aircraft for purposes of the res ipsa loquitur doctrine, that the incident which occurred is of a type that does not ordinarily occur absent negligence, and that Dimitrova did not cause the occurrence which resulted in her injuries and damages.  Accordingly, Dimitrova is entitled to invoke the benefits and presumptions attendant the res ipsa loquitur doctrine, in addition to all other rights, remedies, inferences and presumptions existing in Dimitrova's favor.

5.16    The negligence, carelessness and legal fault of the defendants was a legal cause of Dimitrova's injuries and damages.

### VI.    JURY DEMAND

6.1    Pursuant to Federal Rule of Civil Procedure 38(b), Dimitrova demands a trial by jury as to all issues so triable in this action.

### VII.    PRAYER FOR RELIEF

**WHEREFORE**, Dimitrova prays for judgment in favor of Dimitrova and against each of the Defendants herein as follows:

a.    For judgment in an amount according to proof for Dimitrova's past and future economic damages, including but not limited to hospital and medical expenses;

**COMPLAINT AND
DEMAND FOR JURY TRIAL
(CAUSE NO. 2:25-cv-956)**

KODE LAW
10900 NE 4th St., Ste. 2300
Bellevue, WA 98004
Phone: 206-531-2735

b.      For judgment in an amount according to proof for Dimitrova's past and future non-economic damages, including but not limited to pain, suffering, and emotional distress;

c.      For damages reflecting all detriment caused to Dimitrova by Defendants;

d.      For costs of suit;

e.      For such other and further relief as may be deemed just and proper.

DATED this 20th day of May of 2025.

**KODE LAW FIRM**


/s/ Preet Kode
Preet B. Kode, WSBA number 45424
10900 NE 4th Street – Suite 2300
Bellevue, Washington 98004
206.531.2735
206.531.2737 (fax)
preet@kodelawfirm.com
Attorney for Plaintiff


**FURY DUARTE PS**


/s/ Scott David Smith
Scott David Smith, WSBA number 48108
1606 148th Avenue SE – Suite 200
Bellevue, Washington 98007
425.643.1606
425.643.2606 (fax)
scott@furyduarte.com
Attorney for Plaintiff

COMPLAINT AND
DEMAND FOR JURY TRIAL
(CAUSE NO. 2:25-cv-956)



10900 NE 4th St., Ste. 2300
Bellevue, WA 98004
Phone: 206-531-2735